UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RICHARD HINSON,

        Plaintiff,

v.

FRANK BISIGNANO,
COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.
_____/

Case No. 2:25-cv-10758-APP

Hon. Anthony P. Patti

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF NO. 8)

Plaintiff Richard Hinson filed this action against Frank Bisignano, Commissioner of Social Security, for review of a Supplemental Security Income denial. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject-matter jurisdiction. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint.

    I.    Factual Background

Richard Hinson filed this action against Frank Bisigano, Commissioner of Social Security, on March 18, 2025, for review of a Supplemental Security Income denial. (ECF No. 1) Before this action, the Appeals Council denied Hinson's request for review of the Commissioner's decision denying his application under

1

Title XVI for supplemental security income on March 5, 2025. (ECF No. 1, PageID.2-3.) By the time the complaint initiating this action was filed, Hinson had passed away.

Defendant seeks dismissal of this matter, arguing that this Court lacks subject-matter jurisdiction because the plaintiff did not have standing at the time this civil action was filed as he did not "legally exist." (ECF No. 8, PageID.866) Defendant contacted Plaintiff's Counsel, communicating this jurisdictional concern on March 24, 2025. (ECF No. 8, PageID.874) The motion now before the Court was filed by Defendant on May 19, 2025. (ECF No. 8) Following Plaintiff's failure to respond to Defendant's motion in a timely manner, this Court entered a Show Cause Order to which Plaintiff responded. (ECF Nos. 9 & 10). Plaintiff argued that there are viable reasons to preserve this case, specifically, the potential substitution of a party for Plaintiff, based on the "potential existence of an eligible survivor" (ECF No. 10, PageID.884); however, this Court does not agree.

## II. Legal Standards

### A. Motion to Dismiss

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case may be dismissed for lack of subject-matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving

2

jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

### B. Subject-Matter Jurisdiction

In this case, Defendant argues that Plaintiff lacks Article III standing. (ECF No. 8)  A lack of Article III standing implicates a court's subject-matter jurisdiction and requires dismissal of the case. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  Under Article III, to have standing, a plaintiff must satisfy a three-part test. He must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

"The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Lujan*, at 569-71 n.4.  Therefore, standing must be determined based on what was known at the time the suit was filed.  If a party does not have standing, then "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Defendant argues that Plaintiff lacked standing at the time this civil action was filed because Plaintiff was deceased, rendering him legally non-existent.  In *Sesam v. Superior Stone & Interiors, LLC*, the court determined that the Plaintiff

"did not legally exist" when the action commenced because he had passed away sixty-two days before the complaint was filed. *Sesam v. Superior Stone & Interiors, LLC*, No. 23-CV-1335 (MKB), 2024 WL 4955261 at 3 (E.D.N.Y. Dec. 3, 2024) (citing *House v. Mitra QSR KNE LLC*, 796 F.App'x 783, 787 (4th Cir. 2019)). A plaintiff who is deceased, and, therefore, does not legally exist, lacks standing because he "simply no longer has a cognizable interest in the outcome of [the] litigation[.]" *Billino v. Citibank, N.A.*, 123 F.3d 723, 725 (2d Cir. 1997). "Most courts to consider this question have reached the same result, concluding that a deceased plaintiff's lack of legal existence . . . is a non-curable jurisdictional defect." *House*, 796 F.App'x at 788.

## III. Analysis

Plaintiff passed away before Counsel filed the complaint, so at the time the suit was commenced, Hinson did not "legally exist." A deceased person cannot satisfy all three requirements for Article III standing (injury-in-fact, causation, and redressability) because the Court cannot "offer redress to a deceased person." *House*, 796 F.App'x at 787. Therefore, Hinson lacked Article III standing to bring claims against the Defendant *at the time this civil action was filed*.

## IV. Conclusion

The case has now been pending for seven months. From the outset, there has been no existent plaintiff and there still is none today. The Court has bided its time

4

long enough.  Plaintiff's lack of standing in this case cannot be cured through the substitution of a party, and, *arguendo*, even if it could, counsel's ongoing suggestion of a "potential existence of an eligible survivor" (ECF No. 10, PageID.884) is a vague contingency and has left the case in limbo well beyond any reasonable shelf life.  The time for finding a suitable personal representative for Hinson's estate, assuming that his estate would even have a claim or standing to bring one, was *before filing suit*, not some indefinite time afterwards.  Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter-jurisdiction is **GRANTED**.  The case is **HEREBY DISMISSED** without prejudice.  *See Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]here a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*.").

    **IT IS SO ORDERED.**

Dated:  October 20, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE